FILED
97 FEB 25 PM 3:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **BESSIE B. STANTON,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-96-N-3043-W |
| **BENEFICIAL NATIONAL BANK USA; STAR VISION, INC.; JIMMY WILLIAMS,** | ] | |
| Defendant(s). | ] | |

ENTERED
FEB 25 1997

### Memorandum of Decision

The court has for consideration the motion to remand filed by the plaintiff on December 9, 1996. The motion has been briefed and is ready for decision. Upon due consideration, the motion to remand will be **GRANTED**.

In support of removal and in opposition to remand the defendants argue the plaintiff's claim that the defendants defrauded her by misrepresenting the true cost of a satellite television receiving system is nothing more than a claim for the unlawful payment of excessive interest under sections 85 and 86 of the National Banking Act. The court disagrees. The plaintiff is the master of her own complaint, determining whether she wishes to rely exclusively on state law, federal law, or both. By relying only upon state law and eschewing whatever opportunity she might have to rely upon federal law, a plaintiff may preclude the removal of her action to a federal court. *See Caterpillar v. Williams*, 482 U.S. 386 (1987). The plaintiff has chosen here to rely only upon state law. The complaint does not allege that the plaintiff was charged excessive interest but,

instead, charges that she was told she could purchase a satellite receiving system for one price and that she was charged a greater price. Thus, the nature of the complaint relates to misrepresentations concerning the fact of interest and not to any alleged excessiveness of interest. In a nutshell, the claim is that the plaintiff was induced to enter into a contract by representations and suppression of information concerning whether any interest at all would be charged to her.

The defendants next argue that the plaintiff's claims are preempted by sections 85 and 86. A corollary to the well pleaded complaint rule is the "complete preemption" doctrine. The Supreme Court has said:

> There does exist . . . an "independent corollary" to the well pleaded complaint rule [citation omitted] known as the "complete preemption" doctrine. On occasion, the court has concluded that the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well pleaded complaint rule." *Metropolitan Life Insurance Co. [v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed. 2d 55 (1987)]. Once an area of state law has been completely preempted, a claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar, Inc. v. Williams*, 482 U.S. at 393; *see also Franchise Tax Board of California v. Construction Laborers Vacation Trust For Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed. 2d 420 (1983).

Complete preemption of state law claims arises only rarely and then only from statutes with an "extraordinary" preemptive force. *See, Caterpillar, supra.* As of this writing, the Supreme Court has found that only two statutes have such preemptive force, the Labor Management Relations Act of 1947 (the LMRA) and the Employee Retirement

Income Security Act of 1974 (ERISA). The court has identified three factors that suggest complete preemption. First, the statute must evidence an express intent by Congress to preempt state law. Second, the federal law must "displace state law with a federal cause of action; and third, the statute must include comprehensive jurisdictional and enforcement provisions comparable to the LMRA or ERISA.

Nothing in sections 85 and 86 of the National Banking Act sets forth an express congressional intent to preempt state causes of action for fraud or misrepresentation simply because they involve national banks. Nothing in those sections displaces state law. Rather, they can be read as complementing state law and relying in part upon it. Finally, there is no comprehensive jurisdiction or enforcement scheme set out in the sections or the act itself. The court concludes that the National Banking Act is not one of those rare statutes with such "extraordinary" preemptive effect that it completely preempts state law causes of action.

This action will be remanded to the Circuit Court of Sumter County, Alabama, the court from which it was improvidently removed. Costs of removal will be taxed against the removing parties.

Done, this 25th of February, 1997.

Edwin L. Nelson
United States District Judge